### JOHN W. DAMERON v. JAMES OSENTON.

[Abstract Kentucky Law Reporter, Vol. 6—218.]

**Supplemental Proceeding.**

When a judgment has been rendered on notes and a vendor's lien adjudged and the land sold thereunder and the proceeds of the sale fail to satisfy the judgment and the judgment creditor seeks to collect the balance of his debt by proceedings supplemental he must serve defendant with process, and where no process issues, a judgment in such proceeding is void. The proceeding is entirely separate from the former one and hence no jurisdiction over the person of the defendant is acquired by the process in the former action.

APPEAL FROM CARTER CIRCUIT COURT.

September 27, 1884.

OPINION BY JUDGE PRYOR:

Nancy Carroll, as the heir of her father, inherited a one-fourth interest in a tract of land owned by him at his death. She sold this interest to the appellants and one Farley for the sum of $800 for which they executed their note. This note came to the hands of the appellee by assignment and this action was instituted seeking a judgment against the obligors and enforcing a lien on the land sold for its payment. A personal judgment was rendered and also a judgment enforcing the lien. The land was sold for much less than the debt, the sale reported and confirmed by the court.

At a subsequent term of the court an amended petition was filed alleging the non-payment of the balance due on the judgment and a return of "no property found" on the execution that had issued upon it, and seeking to subject other interests of the appellants in this tract of land. They made no defense to the original action for the personal judgment and enforcing the lien nor is the validity of that judgment now controverted. They were not made parties to the amended petition in which appellee sought the aid of a Court of Equity by reason of a return of "no property" and the court, although there was no service or summons issued, rendered a judgment subjecting other interests in the land in discharge of the judgment and the appellee became the purchaser. The appellants appeared in court, moved to set aside the judgment and offered to file an answer. The motion was overruled and the appeal taken. It is not necessary to inquire into the sufficiency of the answer as the judgment subjecting the lands on the amended pleadings was void. It was a remedy entirely independent of and disconnected with the proceeding to enforce the lien on the land for which the $800 note was executed, and when that lien was enforced and the land sold and the sale confirmed the action ended. The appellants when submitting to a judgment by default were not required to watch the proceedings or to appear in court to defend any other cause of action without the service of process. It is true the balance of the judgment had never been paid, but when the parties failed by an ordinary execution to make their debt, and sought to enforce another and distinct equity it should have been done by an

original action in which a final judgment had been rendered giving to the appellee all the relief both at law and in equity to which he was then entitled. If such a practice was sanctioned there would be no end to litigation and the party defending must always be regarded as in court for the purpose of making defense to any supplemental pleadings filed after final judgment although presenting a distinct cause of action.

It may be that the answer is defective if the party was required to make defense, but in regard to this branch of the case no inquiry has been made. The judgment and sale under it are both void and should be set aside.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*R. D. Davis, James Botts,* for appellant.

*E. B. Wilhoit,* for appellee.

[Cited, in *Cope v. Slayden,* 24 Ky. L. 1737, 72 S. W. 284.]